09-3101-ag
Zheng v. Holder

BIA
Abrams, IJ
A090 347 270

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of October, two thousand ten.

PRESENT:
 REENA RAGGI,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges*.

_____

QI XIN ZHENG,
  *Petitioner*,

 v.                                     09-3101-ag
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
  *Respondent*.

_____

FOR PETITIONER:          Henry Zhang, Zhang & Associates, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Xin Zheng, a native and citizen of the People's Republic of China, seeks review of a July 7, 2009, order of the BIA affirming the October 15, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Xin Zheng*, No. A090 347 270 (B.I.A. July 7, 2009), *aff'g* No. A090 347 270 (Immig. Ct. N.Y. City Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings, "including those underlying the immigration court's determination that an alien has failed to satisfy his burden of proof," under the substantial evidence standard. *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (internal quotation marks omitted). We treat them as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary.'" *Chuilu Liu v. Holder*, 575 F.3d at 196, quoting 8 U.S.C. § 1252(b)(4)(B).

In finding that Zheng failed to meet his burden of proof, the IJ found that: (1) he provided no medical records or other documentation to corroborate his claim that he began practicing Falun Gong because of a stomach ailment; (2) he provided no evidence that he was detained for practicing Falun Gong or that he was injured while in detention; and (3) he produced no witnesses (or other reliable evidence) to corroborate his claim that he practices Falun Gong in the United States, despite the fact that he claims to practice it daily at home, where he lives with an uncle, and occasionally at a public park.

Although Zheng argues that the IJ's corroboration finding is tethered to the adverse credibility determination, which the BIA declined to address, given the IJ's numerous and specific findings that Zheng failed to provide corroborating evidence despite the fact that he could have reasonably obtained such evidence, the BIA's determination that Zheng failed to meet his burden of proof is supported by substantial evidence. *See id*. at 197 ("[A]n IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained."); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the

3

applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Moreover, although Zheng argues that he reasonably explained why he failed to present the documentary evidence the IJ requested, a reasonable factfinder would not have been *compelled* to credit his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Zheng was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Although Zheng sets forth the standard for CAT relief in his brief before this Court, he does not challenge the basis of the IJ's denial of CAT relief – that he did not testify that he would be subject to anything amounting to torture – or otherwise argue that any evidence established a likelihood of torture upon return to China. Accordingly, any challenge to the agency's denial of CAT relief has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk